# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ROGERS WALKER, | ) <br> ) <br> ) Case No.: |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| SANTANDER CONSUMER USA, INC., | ) JURY TRIAL DEMANDED <br> ) <br> ) |
| Defendant. | ) <br> ) |

## COMPLAINT

ROGERS WALKER ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SANTANDER CONSUMER USA, INC. ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions

arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Michigan and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Michigan.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6. Plaintiff is a natural person residing in Detroit, Michigan 48219.

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation with its principal place of business located at 1601 Elm Street, Suite 800, Dallas, Texas, 75201.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in or about May 2017 and continuing through September 2017, Defendant placed repeated telephone calls to Plaintiff's cellular telephone.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and/or pre-recorded voice.

14. Plaintiff knew Defendant was using an automatic telephone dialing system because he would receive calls that began with an automated voice message or a noticeable pause before speaking to one of Defendant's representatives.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Shortly after the commencement of Defendant's calls in or about May 2017, Plaintiff spoke to Defendant's representative and told Defendant to stop calling him.

17. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

18. Despite the above and further demands by Plaintiff to stop calling his cellular telephone, Defendant persisted in calling Plaintiff repeatedly.

19. These incessant calls from Defendant were irritating, noxious and bothersome to Plaintiff.

## DEFENDANT VIOLATED THE TCPA

20. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

22. Defendant's calls to Plaintiff were not made for emergency purposes.

23. Defendant's calls to Plaintiff, during and after May 2017, were not made with Plaintiff's prior express consent.

24. When Defendant called Plaintiff from around May 2017 through around September 2017, it knew no later than Plaintiff's first instruction to stop calling that it did not have prior express consent to call Plaintiff.

25. When Defendant called Plaintiff from around May 2017 through around September 2017, it knew it was placing calls to a cellular telephone.

26. Defendant's violation of the TCPA was therefore either willful or knowing starting no later than the date of Plaintiff's first instruction to stop calling.

27. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to injunctive relief and an award of statutory, actual, and treble damages.

WHEREFORE, Plaintiff, ROGERS WALKER, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ROGERS WALKER, demands a jury trial in this case.

Respectfully submitted,

DATED: November 7, 2018

By: */s/ Amy Lynn Bennecoff Ginsburg*
Amy Lynn Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff